### CHARLES E. WEBSTER v. THE BOARD OF COUNTY COMMISSIONERS OF HASKELL COUNTY.

#### No. 231.

COUNTY COMMISSIONERS — *Lease of Building for Court-house — Invalid Warrants.* Under the facts in this case, it is held that the acts of a board of county commissioners in entering into a thirty-year lease of a building to be used as a court-house and in issuing county warrants in payment of the rental thereof in advance were invalid and the lease and warrants void.

Error from Haskell district court; WM. E. HUTCHISON, judge. Opinion filed June 20, 1898. Affirmed.

*Milton Brown*, for plaintiff in error.

*A. J. Hoskinson*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: Action by Charles E. Webster upon county warrants aggregating $1340, the warrants being in the usual form and each containing the words, "For lease of court-house." Judgment in favor of the defendant board of county commissioners for costs. Webster brings the case here for review. Findings of fact and conclusions of law were made and filed by the trial court, as follows:

### FINDINGS OF FACT.

"That on the 19th day of October, 1889, the board of county commissioners of Haskell county, Kansas, issued to one C. W. Wadsworth county warrants in the sum of $1340, the amount sued on in this action, together with an additional amount not sued on in this action, for rent of court-house for the use of Haskell county for the term of thirty years from said 19th day of October, 1889; and that said warrants were regularly executed by the chairman of the board of county commissioners and county clerk and duly registered by the county treasurer.

"2. That said C. W. Wadsworth, immediately after the receipt of the warrants, and during the month of October, 1889, sold, transferred and delivered the same, for value received, to the plaintiff herein, and that the plaintiff is now the holder and owner thereof.

"3. That in November, 1889, an action was brought in the name of the state of Kansas, on the relation of the county attorney of Haskell county, against the county commissioners of said county and the county treasurer thereof, enjoining and restraining them from paying or refunding any of said warrants.

"4. That on the 1st day of July, 1890, the said C. W. Wadsworth, by his warranty deed, for value received, conveyed to one Geo. T. Beatty the property which he had heretofore, to wit, on the 19th day of October, 1889, leased to the county for thirty years.

"5. That on the 13th day of November, 1890, in

the district court of Haskell county, the injunction case heretofore referred to came on for hearing, and, by leave of the court, said Geo. T. Beatty was permitted, on his own request, to be made a party defendant, and thereafter on that day the injunction was made perpetual against defendants, the board of county commissioners and county treasurer, enjoining and restraining them from paying or refunding any of the warrants sued on in this action.

"6. That from and after the date of the conveyance of the property referred to by Wadsworth to Beatty, Beatty has assumed and maintained control and possession of the same and rented it to the county for county purposes and received rents therefor."

The plaintiff duly excepted to each and all of the above findings of fact, and the exceptions were allowed.

CONCLUSIONS OF LAW.

"1. That said injunction action No. 179 is not *res adjudicata*, for the reason that the owner and holder of the warrants sued on was not a party to the action in which the injunction was granted.

"2. That county warrants are non-negotiable, and any defense which would be good against the payee of the warrants may be made against the present holder thereof. (*Salamanca Township v. Jasper County, Missouri, Bank*, 22 Kan. 692 ; *Perkins v. School District*, 21 id. 536.)

"3. That said warrants were issued without warrant or authority of law, and are invalid.

"4. That said warrants were issued and are without consideration, and the plaintiff herein, occupying the same position as if suit had been brought by Wadsworth, is, as Wadsworth would have been had he retained the warrants, estopped from claiming anything thereon by his action in appropriating to his own use the property which he had pretended to lease as a consideration therefor."

The plaintiff duly excepted to the second, third, and fourth conclusions of law, and the exceptions were allowed.

The petition alleged that on October 19, 1889, while the board of county commissioners of Haskell county was in regular session, and at a time when the county had no county buildings, the board entered into an agreement with one Wadsworth, the owner of a certain two-story building in the city of Santa Fe, the county-seat, by which such building was leased for court-house and other county purposes for a period of thirty years from that date, and that on the same day the board of county commissioners issued the county warrants upon which this action is based, and one other warrant to Wadsworth, in full payment of the agreed rental.

The answer averred illegality in the whole transaction of leasing and in the warrants declared upon. It further averred that the warrants were absolutely without consideration, and that Wadsworth, on July 1, 1890, sold and transferred the leased property for which the warrants were issued to one George T. Beatty, by deed of warranty; and that since the execution of the deed Beatty had received from the county commissioners, as rent for the property, the sum of $1501. The answer also set forth the pleadings and the judgment in the injunction action mentioned in the foregoing findings. Beatty, who had been made a defendant at his own request in that action, was by the said judgment "restored to all the rights in and to said property owned and had by the said C. W. Wadsworth prior to the making of said contract of lease."

Neither Wadsworth nor Webster was made a party to the injunction action. The petition therein and

the answer to the present action set forth the lease from Wadsworth, which consisted of his proposition to the board and an entry in the commissioners' record that the proposition was accepted. The proposition reads:

"I hereby propose to lease to Haskell county, for county offices and court-house, the two-story, 24 x 60-feet, frame building now used for county offices and court-house, for a term of thirty years, with the privilege of removing from the present location at any time, or privilege of retaining on lots 1, 2, 3, block 56, Santa Fe, Kan., for five years from date, for the sum of sixteen hundred and forty ($1640) dollars, payable in advance."

We think it is clear that the warrants are void. As Haskell county had no court-house, the board of county commissioners could lawfully lease a building suitable for court-house and other county purposes, but it could not lawfully pay the rental therefor in advance. Annual rental would be a proper part of the current expenses of a given year, and could be paid out of the general revenue of the county. Paragraph 1887, General Statutes of 1889, provides that in each county an annual levy "sufficient to defray all county charges and expenses incurred during such year" shall be made, and declares it to be unlawful for any board of county commissioners or county clerk to issue county warrants or orders in any one year to a greater amount than the amount of the county tax levied in one year to defray county charges and expenses. Another section limits the levy for current expenses for any one year to one per cent. upon the valuation of $5,000,-000 or less. As bearing upon the proposition before us, see *The State v. County of Marion*, 21 Kan. 419, 437.

The invalidity of the warrants was shown by the record of the board of county commissioners, and

Webster stood exactly in the place of Wadsworth in reference to such record.

Counsel for plaintiff in error contends that Webster was the equitable assignee of the lease to the building and of the possessory rights thereunder, by virtue of the transfer to him of the warrants ; and that as the county commissioners entered into possession of the property under the lease and gave no notice to Webster of any change of intention or relation in respect to the lease, the tenancy thereunder must be held to have continued regardless of the conveyance by Wadsworth to Beatty of the lots upon which the leased building was situated. This is urged the more strongly for the reason that Webster was not made a party to the injunction action, and that there was no evidence showing that he consented to or had notice or knowledge of the conveyance. While the county commissioners were not authorized to lease the property for the period named in the lease, they were authorized under the circumstances to lease some building for county purposes for a reasonable time only, and to pay the rental as it fell due.·

We think the proceedings in the injunction action were sufficient to effectually terminate the lease, so far as the board of county commissioners was concerned. It did not require notice to Webster to render the warrants invalid, and he is not suing upon the lease. Independently of the lease, there was a liability on the part of the county commissioners to pay rent as upon an implied contract for the property while it was occupied for county purposes ; and, under proper pleadings, Webster might have recovered the rental from the date of the lease until entry of the judgment in

the injunction action. As this action is predicated upon the warrants and not upon the contract, express or implied, to pay rent, it seems clear that the judgment of the trial court was correct under the pleadings. It will therefore be affirmed.